## UNITED STATES *v.* TOZER.

### (*District Court, E. D. Missouri, N. D.* June 1, 1889.)

1. CARRIERS—INTERSTATE COMMERCE ACT—CONTEMPORANEOUS SERVICES.

   To carry two barrels of sugar for one person on a given date, and to carry one barrel of sugar for another person, between the same points, over the same route, two days later, are contemporaneous, and like services within the meaning of section 2 of the interstate commerce act.

2. SAME—DIFFERENCE IN QUANTITY OF PATRONAGE.

   The fact that defendant's road received much more traffic from the first shipper than from the second does not make the circumstances and conditions under which the two services were rendered substantially dissimilar.

3. SAME—LOCAL AND THROUGH RATES.

   Defendant's company received from a connecting carrier at Hannibal, Mo., under an alleged traffic arrangement, two barrels of sugar shipped by the latter company from Chicago, and carried it to Hepler, Kan., for 34 cents per cwt., that being defendant's company's proportion of a rate of 51 cents per cwt. from Chicago to Hepler. About the same time it charged a local shipper at Hannibal 46 cents per cwt. for carrying a barrel of sugar from there to Hepler. *Held,* that on these facts the two services were rendered under substantially dissimilar circumstances and conditions.

4. SAME—UNDUE PREFERENCE.

   Whether the difference of 12 cents per cwt. between defendant's company's local rate from Hannibal to Hepler and its proportion of the through rate from Chicago was an undue and unreasonable preference or advantage over the local shipper, within the meaning of section 3 of the interstate commerce act, was a question for the jury.

Indictment against George K. Tozer for Violation of the Interstate Commerce Act.

*Geo. D. Reynolds,* U. S. Atty., (*T. P. Bashaw* and *C. C. Allen,* of counsel,) for the United States.

*Thos. J. Portis* and *W. A. Martin,* for defendant.

THAYER, J., (*charging jury.*) Section 2 of the interstate commerce act reads as follows:

"If any common carrier, subject to the provisions of this act, shall directly or indirectly, by any special rate, rebate, * * * or other device, charge, demand, collect or receive from any person or persons a greater or less compensation for any service rendered * * * in the transportation of passengers or property subject to the provisions of this act, than it charges, demands, collects, or receives from any other person or persons, for doing for him or them a like and contemporaneous service in the transportation of a like kind of traffic, under substantially similar circumstances and conditions, such common carrier shall be deemed guilty of unjust discrimination, which is hereby declared to be unlawful."

The first count of the indictment is framed under section 2, and charges in substance that defendant, as agent of the Missouri Pacific Railway Company, collected and received of the Hayward Grocery Company for the transportation of sugar from Hannibal, Mo., to Hepler, Kan., more than he charged the Chicago, Burlington & Quincy Railroad Company for a like and contemporaneous service rendered under similar circumstances and conditions. In arriving at a verdict on this count you must

v.39F.no.7—24

consider and determine the four following questions: (1) Was defendant agent of the Missouri Pacific Railway Company at Hannibal, Mo., June 15 and 17, 1887? (2) Did he, while acting in the capacity of agent for the Missouri Pacific Railway Company on June 17, 1887, willfully collect or receive from the Hayward Grocery Company 46 cents per 100 pounds for the transportation of one barrel of sugar over the line of the Missouri Pacific Railway Company from Hannibal, Mo., to Hepler, Kan., or knowingly or willfully suffer or permit any subordinate agent of the road who worked under his direction and supervision to charge and collect such sum for such service? (3) Did the defendant on June 15, 1887 knowingly and willfully charge or demand of the Chicago, Burlington & Quincy Railroad only 34 cents per 100 pounds for the transportation of two barrels of sugar from Hannibal, Mo., to Hepler, Kan., or knowingly and willfully suffer or permit a subordinate agent of the Missouri Pacific Railway Company, who worked under his supervision and orders, to charge the Chicago, Burlington & Quincy Railroad such rate between the points named? (4) Was the charge so made the Chicago, Burlington & Quincy Railroad for transportation of two barrels of sugar a charge for a service like that rendered the Hayward Grocery Company, and was it also a contemporaneous service, rendered under conditions and circumstances substantially similar to the circumstances and conditions attending the service rendered the Hayward Grocery Company? If you answer all the above questions in the affirmative, convict on the first count. If you answer either question in the negative, acquit on the first count.

Section 3 of the interstate commerce act is as follows:

"It shall be unlawful for any common carrier, subject to the provisions of this act, to make or give any undue or unreasonable preference or advantage to any * * * person, company, firm, or corporation on any * * * description of traffic in any respect whatever; or to subject any * * * person, firm, company, or corporation * * * to any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

The second and third counts of the indictment are framed under the third section, the second count charging in substance that defendant gave the Chicago, Burlington & Quincy Railroad an undue and unreasonable preference and advantage over the Hayward Grocery Company in rates on sugar, and the third count charging that he subjected the Hayward Grocery Company to an undue and unreasonable prejudice by giving the Chicago, Burlington & Quincy Railroad a lower rate on sugar than was given the Hayward Grocery Company. In arriving at a verdict on the second and third counts, you will have to consider and determine the same questions, among others, that arise under the first count; that is to say: (1) Was defendant an agent of the Missouri Pacific Railway Company? (2) Did he charge the Hayward Grocery Company 46 cents per 100 pounds for transporting sugar from Hannibal to Hepler, Kan.? (3) Did he charge the Chicago, Burlington & Quincy Railroad Company only 34 cents per 100 pounds for transporting sugar from Hannibal, Mo., to Hepler, Kan.? and (4) Was the service rendered the Chicago, Burlington & Quincy Railroad a like and contemporaneous service to

that rendered the Hayward Grocery Company, and was it rendered in the transportation of a like kind of traffic under "circumstances and conditions" substantially similar to those attending the service rendered the Hayward Grocery Company? The second count of the indictment charges that the defendant gave the Chicago, Burlington & Quincy Railroad an undue and unreasonable preference, and the third count charges that he subjected the Hayward Grocery Company to an undue and unreasonable prejudice and disadvantage; but the court holds, and so instructs you, that if the defendant charged the Hayward Grocery Company a greater rate than it charged the Chicago, Burlington & Quincy Railroad for a "like contemporaneous service," done under "substantially similar circumstances and conditions," then such act was within the meaning of the law both an undue and unreasonable preference and advantage given to the Chicago, Burlington & Quincy Railroad, and an undue and unreasonable prejudice or disadvantage to which the Hayward Grocery Company was subjected. Therefore, if you find in the affirmative on all four of the questions that I have proposed and before stated, you must return a verdict of guilty on the second and third counts, as well as on the first count. Now, gentlemen, I presume you will have no difficulty in answering the first three of the questions as they are simple questions of fact. The fourth proposition is more difficult, because it involves the inquiry as to what is meant by the statute when it speaks of "a like and contemporaneous service in the transportation of traffic under substantially similar circumstances and conditions." It is impossible for me to explain that phrase in a manner that will fit all cases; hence I shall not attempt it. I will take the precise case that you have to decide, and, in view of the facts testified to, give you a few directions with respect to the clause in question.

In the first place, the service rendered to the Hayward Grocery Company on June 17, 1887, was contemporaneous with that rendered to the Chicago, Burlington & Quincy Railroad on June 15, 1887, within the meaning of the law. In the second place, the service so rendered for the Hayward Grocery Company was like that alleged to have been rendered to the Chicago, Burlington & Quincy Railroad within the meaning of the law, because the same kind of property was carried for each party for the same distance over the same route. The next question is, was the service in both cases rendered under substantially similar circumstances and conditions? This is the vital point. The defendant says the circumstances and conditions were substantially dissimilar, because the Chicago, Burlington & Quincy Railroad Company furnished more traffic, or, if not more traffic, nearly as much traffic to the Missouri Pacific Railway Company as the Hayward Grocery Company and all other Hannibal shippers combined. Well, suppose that to be the fact. It did not under the law render the service to the Chicago, Burlington & Quincy Railroad a service rendered under substantially dissimilar circumstances and conditions to that rendered for the Grocery Company, within the meaning of the interstate commerce law, and did not justify a difference in rate. The fact that one man is a large shipper and another a small

shipper does not entitle the carrier to make a difference in the rate, if the property carried in each case is of the same class, and the distance and route is the same. Defendant next says the circumstances and conditions of the two alleged shipments were substantially dissimilar, because one shipment originated at Hannibal and the other at Chicago, and that in the case of the two barrels of sugar the property was being carried through from Chicago to Hepler, on a through rate of 51 cents per 100 pounds, agreed upon by and between the Missouri Pacific Railway Company on the one hand and the Chicago, Burlington & Quincy Railroad Company on the other. This presents a different question, and on this point I instruct you as follows: If you believe and find from all the evidence in the case that the lines of railroad of the Chicago, Burlington & Quincy Railroad Company and of the Missouri Pacific Railway Company form a continuous line of railroad from Chicago, Ill., to Hepler, Kan., passing through Hannibal, Mo., it being an intermediate shipping point, and that the two roads connect at Hannibal, and interchange traffic at that point; and if you find that prior to June 15, 1887, the Chicago, Burlington & Quincy and the Missouri Pacific Railway Companies had agreed upon and established a through rate from Chicago to Hepler on all property shipped from Chicago to Hepler via Hannibal over such continuous line, and that such established through rate on sugar was 51 cents per 100 pounds from Chicago to Hepler; and if you find that the two barrels of sugar on which defendant is alleged to have charged the Chicago, Burlington & Quincy Railroad at the rate of 34 cents per 100 pounds for the transportation thereof from Hannibal to Hepler was sugar that was received by the Chicago, Burlington & Quincy Railroad Company at Chicago, to be carried over said continuous line to Hepler for said agreed and established rate of 51 cents per cwt.; and that the Chicago, Burlington & Quincy Railroad Company, on receipt of said two barrels of sugar, issued to the shipper thereof the bill of lading for two barrels of sugar that has been read in evidence,—then the court instructs you that the charge for transportation on said two barrels of sugar from Hannibal to Hepler, alleged to have been made by defendant, was not a charge for a service rendered the Chicago, Burlington & Quincy Railroad Company under circumstances and conditions substantially similar to the circumstances and conditions attending the service rendered the Hayward Grocery Company, within the meaning of the interstate commerce act, and you should find the defendant not guilty of the charge laid in the first count of the indictment.

Now, gentlemen, in the event that you find under the last instruction that the services rendered the Chicago, Burlington & Quincy Railroad Company and the Hayward Grocery Company were not rendered under similar circumstances and conditions, and accordingly acquit under the first count, then a further question arises under the second and third counts, which you must consider and determine. Under the third section of the act it is made an offense to give one person an undue and unreasonable preference or advantage, or to subject a person to an undue and unreasonable prejudice or disadvantage. As before remarked,

the second and third counts are under this section. It is shown by the testimony that the Missouri Pacific Railway Company's proportion of the alleged through rate from Chicago to Hepler on sugar is 34 cents per 100 pounds, and that its local rate on sugar from Hannibal to Hepler is 46 cents per 100 pounds. Now, conceding that some difference between the local rate and the Missouri Pacific Railway Company's proportion of the through rate is permissible, owing to the different conditons affecting the two shipments, the question that I submit to you under the second and third counts is whether the difference shown in this case between the two rates of 12 cents per 100 pounds is, under all the circumstances of the case, a reasonable difference, or an undue and unreasonable difference, not justified by the different circumstances under which through shipments from Chicago and local shipments from Hannibal are made. If you find that the difference in rate of 12 cents per 100 pounds is an undue and unreasonable difference, and, as before explained, that defendant, as agent of the Missouri Pacific Railway Company, knowingly and willfully gave the Chicago, Burlington & Quincy Railroad the advantage of such difference in the shipment of the two barrels of sugar mentioned in the indictment, then you may return a verdict of guilty on the second and third counts, although you acquit on the first count. If, on the other hand, you find that the difference in the rate now in question is neither undue nor unreasonable, considering all the circumstances and conditions affecting local as compared with through shipments, you will render a verdict of acquittal on the second and third counts. In determining the last question submitted to you, as to the reasonableness or unreasonableness of the difference between the local rate and the Missouri Pacific Railway Company's proportion of the through rate, I give you full liberty to consider all the facts, circumstances, and reasons adduced by the various witnesses in justification of the difference shown, and I ask you to consider the same carefully and fairly without any prejudice or bias whatsoever.